**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| Delmer Dougherty<br>930 E Warrington Ave<br>Pittsburg, PA 15210<br><br>Plaintiff,<br><br>v.<br><br>Delanore, Kemper & Associates, LLC<br>c/o Wilton K. Carver, Registered Agent<br>2221 Peachtree Rd, Suite 473<br>Atlanta, GA 30342<br><br>Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around April 24, 2008, Defendant telephoned Plaintiff's father ("Father") and left a message on Father's answering machine.

10. In the message referenced in Paragraph 9, Defendant failed to state that Defendant was a debt collector.

11. During the communication referenced in Paragraph 9, Defendant's collector represent that he was an "investigator."

12. During the communication referenced in Paragraph 9, Defendant represented that there was a pending warrant against Plaintiff for a check fraud.

13. On or around April 24, 2008, Defendant telephoned Plaintiff regarding the debt and began to leave a message on Plaintiff's answering machine.

14. In the message referenced in Paragraph 13, Defendant failed to state that Defendant was a debt collector.

15. In the message referenced in Paragraph 13, Defendant's collector represented that he was an "investigator."

16. In the message referenced in Paragraph 13, Defendant represented that there was a pending warrant for Plaintiff regarding check fraud.

17. While the message referenced in Paragraph 13 was being left, Plaintiff's 13 year-old son ("Son") heard Defendant's statements and began to scream that Plaintiff was going to jail.

18. In response to Son's screams, Plaintiff lifted the telephone and began talking with Defendant.

19. During the conversation referenced in Paragraph 18, Defendant's collector represented that he was an "investigator."

20. During the conversation referenced in Paragraph 18, Defendant represented that it was contacting Plaintiff because of a pending warrant for Plaintiff's arrest.

21. During the conversation referenced in Paragraph 18, Plaintiff asked Defendant questions about the debt, who the debt was owed to, and who Defendant was.

22. During the conversation referenced in Paragraph 18, Plaintiff told Defendant that the amount that Defendant claimed owed was incorrect because it did not take into account a large payment that Plaintiff had made on the account.

23. During the conversation referenced in Paragraph 18, Defendant refused to answer Plaintiff's questions and abruptly terminated the communication.

24. On or around April 24, 2008, after Defendant hung up on Plaintiff, Plaintiff telephoned Defendant.

25. During the communication referenced in Paragraph 24, Defendant admitted to having abruptly terminated the conversation with Plaintiff.

26. During the communication referenced in Paragraph 24, Defendant represented that Defendant was issuing a warrant for Plaintiff's arrest on "fraudulent check" charges.

27. On or around April 30, 2008, Defendant again telephoned Father and left a message on Father's answering machine.

28. During the communication referenced in Paragraph 27, Defendant represented to Plaintiff that Defendant was going to "execute" a warrant against Plaintiff.

29. On or around April 30, 2008, Defendant telephoned Plaintiff and left a message on Plaintiff's answering machine.

30. During the communication referenced in Paragraph 30, Defendant represented that Defendant was calling about Plaintiff's repayment plan for Plaintiff's warrant.

3

31. During the communication referenced in Paragraph 30, Defendant represented that Plaintiff needed to return Defendant's call that day to prevent the warrant from being processed.

32. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

33. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT TEN

### Violation of the Fair Debt Collection Practices Act

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT ELEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

54. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

55. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's father and mother.

56. The disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to these parties is highly offensive.

57. The information disclosed is not of legitimate concern to the public.

6

## COUNT TWELVE

### Invasion of Privacy by Intrusion upon Seclusion

58. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

59. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

60. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

61. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

62. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

63. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

64. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

65. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Richard J. Meier*
    Richard J. Meier
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    rjm@legalhelpers.com
    Attorneys for Plaintiff

8