**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| Delmer Dougherty,<br><br>    Plaintiff,<br><br>v.<br><br>Delanore, Kemper & Associates, LLC,<br><br>    Defendant. | Case No. 2:08-cv-00870-RCM<br><br><br><br><br>**MOTION FOR ENTRY<br>OF JUDGMENT** |

Now comes Plaintiff, by and through counsel, pursuant to this Court's instructions, and respectfully moves the Court to enter Judgment against Defendant in the above-captioned matter. An Entry of Judgment against Defendant is appropriate since Defendant failed to comply with the terms of the settlement agreement. Plaintiff further moves the Court to award Plaintiff the additional attorneys' fees and costs he incurred to enforce the settlement agreement, and interest on the past due settlement funds at the statutory rate. Further reasons in support of this Motion are included in the attached Memorandum in Support.

                                                  RESPECTFULLY SUBMITTED,

                                                  Legal Helpers, P.C.

                                                  By: _/s/ Richard J. Meier_
                                                       Richard J. Meier
                                                       233 S. Wacker Drive, Suite 5150
                                                       Chicago, IL 60606
                                                       Tel: 1.866.339.1156
                                                       Fax: 1.312.822.1064
                                                       rjm@legalhelpers.com
                                                       _Attorneys for Plaintiff_

**MEMORANDUM IN SUPPORT**

I-   LAW AND DISCUSSION

Trial courts "possess the inherent authority to … enter judgment based on an agreement without a plenary hearing." *Kelly v. Jormandy, Inc.*, 2005 WL 3177730 (W.D.Va. 2005); *see also Tuttle v. SMC Corporation of America*, 2008 WL 4082433 (S.D. Ind. 2008), *citing Carr v. Runyan*, 89 F.3d 327 (7th Cir. 1996); *Wilson v. Wilson*, 46 F.3d 660 (7th Cir. 1995); *and Buchbinder v. Weisser Companies, Inc.*, 679 F. Supp 820 (C.D. Illinois 1987), *citing United States v. Orr Construction Company*, 560 F.2d 765 (7th Cir. 1977).  In the case at hand, the Parties entered into a settlement agreement that Defendant failed to comply with.[1]  On September 29, 2009, Plaintiff filed a Motion to Enforce that settlement agreement.[2]  On September 30, 2009, this Court set a hearing on such Motion for October 8, 2009.[3]  Since Defendant never entered an appearance, the Court instructed Plaintiff's counsel to serve a copy of the Motion Hearing Notice on Defendant and file an Affidavit of Service; which Plaintiff's counsel did on September 30, 2009.[4]  At the hearing on October 8, 2009, the Court instructed Plaintiff's counsel, Attorney Richard J. Meier, to file a Motion for Entry of Judgment that included the unpaid settlement funds, the interest accrued on those funds, and reasonable attorney fees and costs incurred after the settlement was reached.[5]  Accordingly, Plaintiff now files this Motion.

   A. **Remaining Settlement Funds**

In the case at hand, on December 15, 2009, the Parties agreed to settle the above-captioned matter for $10,000 and incorporated those terms into a formal Settlement Agreement.[6]

---

[1] Docket # 13.
[2] *Id.*
[3] Docket # 14.
[4] Docket # 15.
[5] Docket # 16.
[6] Docket # 13

The parties agreed to divide the total settlement of $10,000 into three equal installments of $3,333.33.  Defendant, however, failed to comply with the payment schedule of the settlement funds.  To date, Defendant remitted only one installment; despite several requests, the other two installments, a total of $6,666.67 remain outstanding.  Accordingly, Plaintiff respectfully requests an Entry of Judgment that includes $6,666.67.

### B. Interest Accrued on the Settlement Funds

On February 5, 2009, Plaintiff mailed the release executed by Plaintiff to Defendant. Pursuant to terms of the settlement, Defendant agreed to make the first installment immediately upon execution of the settlement agreement, the second installment within 30 days after receipt of the executed release, and the final installment within 60 days after receipt of the executed release; therefore, the installments were due on February 5, 2009, March 10, 2009, and April 10, 2009.  The first installment, however, was not made until July 8, 2009 and the remaining two installments are still outstanding.

At the October 8, 2009 hearing on Plaintiff's Motion to Enforce the Settlement, the Court instructed Plaintiff to request interest on the outstanding settlement funds in his Motion for Entry of Judgment.  In Pennsylvania, the statutory interest rate is 6%.  41 P.S. § 201.  Based on the days past due for each installment, the interest accumulated to date is $ 305.21.[7]  Accordingly, Plaintiff respectfully requests an Entry of Judgment that includes $305.21 of interest.

---

[7]

|   | Installment | Date Due | Date Paid | Days Late* | Statutory Interest Rate | Interest Due |
|---|---|---|---|---|---|---|
| 1 | $ 3,333.33 | 02/08/09 | 07/08/09 | 150 | 6.00% | $ 82.19 |
| 2 | $ 3,333.33 | 03/10/09 | n/a | 219 | 6.00% | $ 120.00 |
| 3 | $ 3,333.34 | 04/10/09 | n/a | 188 | 6.00% | $ 103.01 |
|   |   |   |   | **Interest accrued** |   | **$ 305.21** |

* Days Late for missed payments is calculated to the date of filing this Motion:   10/15/2009

### C. Attorneys' Fees and Costs Accrued After the Settlement

Plaintiff sent the executed release to Defendant on February 5, 2009. Between February 5, 2009 and October 13, 2009, Plaintiff counsel sent numerous emails to Defendant's counsel until that counsel withdrew from representing Defendant. Then, Plaintiff researched, prepared, and filed a Motion to Enforce the Settlement Agreement and traveled to Pittsburgh, Pennsylvania to attend a hearing for such Motion. At the hearing, the Court specifically instructed Plaintiff to file a Motion for Entry of Judgment against Defendant that included all his fees and expenses. Since February 5, 2009, Plaintiff incurred $4,727.70 in additional attorneys' fees and costs trying to enforce the settlement.[8] Accordingly, Plaintiff respectfully requests an Entry of Judgment that includes $4,727.70 in reasonable attorney fees and expenses.

II- <u>CONCLUSION</u>

Plaintiff respectfully moves the Court to enter judgment against Defendant in the amount of $11,699.58 for the unpaid settlement funds, the accrued interest, and the additional attorneys' fees and costs.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorneys for Plaintiff*

---

[8] Summary of Legal Service Provided, Attached as Exhibit A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 15, 2009, a copy of the foregoing Motion for Entry of Default was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served by regular U.S. mail:

Delanor, Kemper & Associates
c/o Wilton Carver
2221 Peachtree Road, Suite 473
Atlanta, GA 30309

/s/ *Richard J. Meier*